**ARKOOSH et al. v. KRUG, Secretary of the Interior, et al.**
**No. 2606.**

United States District Court
District Idaho, S. D.
March 23, 1949.

Pete Leguineche, of Boise, Idaho, for plaintiffs.

Bissell & Bird, of Gooding, Idaho, for defendant Big Wood Canal Co.

A. F. James, of Gooding, Idaho, for defendant American Falls Reservoir Dist.

CLARK, District Judge.

The plaintiffs' complaint in this case seeks a judicial determination of their rights under an agreement made and entered into on the first day of May 1928 between the United States of America (represented by E. C. Finney the then acting Secretary of the Interior), The American Falls Reservoir District No. 2, an Idaho corporation and the Big Wood Canal Company, an Idaho corporation. The complaint names as defendants the two Idaho corporations above mentioned and J. A. Krug, Secretary of the Interior of the United States of America. Each plaintiff is a resident and Citizen of the State of Idaho. It is alleged that the claim of plaintiffs exceeds, exclusive of interest and costs, the sum of Three Thousand Dollars, and further bases jurisdiction upon the fact, as alleged in the complaint, "that by this ac-

tion the said plaintiffs seek to obtain from the above entitled court a declaratory judgment setting forth and determining plaintiffs' right and the rights and duties of the above named defendants under a contract to which the Department of Interior, Bureau of Reclamation, and thus the United States of America, is a party and therefore a necessary party in the complete determination of said action."

The complaint then alleges: "That there is now and during all of the times herein mentioned has been in the Government of the United States of America a Department of the Interior and that in such Department of the Interior there is now, and during all of the times herein mentioned has been a Bureau of Reclamation and that the defendant J. A. Krug, is the Secretary of the Interior and as such the official executive head of the said Department of the Interior." And following this allegation sets forth the corporate capacity of the American Falls Reservoir District No. 2 and the Big Wood Canal Company.

The predecessors of the plaintiffs were early settlers on lands watered from Big Wood River and were decreed water from this stream for the irrigation of their lands which are adjacent to Big Wood River. These lands were later, by mutual agreement, included in and made a part of the lands comprising the American Falls Irrigation District No. 2, named defendant herein.

The irrigation of lands under the American Falls Irrigation District No. 2 was made possible by a reclamation project of the Department of the Interior of the United States, by the construction of what is known as the American Falls Reservoir and the canal system in connection therewith and through the storing of water therein. This storage water provided a supplemental water supply to the decreed water for what was known as Carey Act Lands and a full water right for new lands. The supplemental water was required for the proper irrigation of the lands of the plaintiffs and their predecessors in interest as the decreed water was not sufficient to furnish one miners inch per acre that was required for the duration of the irrigation season which is alleged to be 160 days.

It is alleged that on the 21st day of September 1927, the United States of America and the defendant American Falls Reservoir District No. 2, made and entered into a certain contract providing among other things that the said American Falls Irrigation District No. 2 should have the use and benefit of four hundred thousand (400,000) acre feet of storage capacity in a reservoir to be known and designated as the American Falls Reservoir, and it was further provided by such contract that the United States of America would construct for the use and benefit of the American Falls Reservoir District No. 2, a canal system consisting of a main canal, having its head on the north bank of Snake River a short distance above the Milner Dam and extending thence in a northwesterly direction to the Little Wood River near the town of Shoshone, County of Lincoln, State of Idaho and thence to the main canal of the Big Wood Canal Company, and certain laterals and other works in connection therewith.

This contract is not set forth in the complaint, however, on May 1, 1928, a contract was entered into between the defendants in this case (except that J. A. Krug the present Secretary of the Interior is substituted for E. C. Finney the then acting Secretary of the Interior) for the purpose of carrying into effect the provisions of that contract, and the agreement of May 1, 1928, is set forth and attached to the complaint herein as exhibit A. In this agreement the United States agreed to construct certain irrigation works and the Irrigation District agreed to deliver water in full compliance with the contract of September 21, 1927, and the Company (defendant herein) agreed to be bound by all the provisions of said contract. Without relating these provisions at length, the Company was generally bound by this contract to distribute water in accordance therewith. The contract provides: "that in the distribution of the supplemental water supply made available by reason of the said contract hereto attached as Exhibit A, or by reason of the irrigation works and storage rights provided thereunder, the Company shall proceed in conformity with the provisions of the said federal reclamation laws, in-

cluding the provisions of Section 6 of the Act of Congress of August 13, 1914, 38 Stat. 686 [43 U.S.C.A. § 493 et seq.]."

It is further agreed in this contract: "that where any of the existing canals or laterals of the Company have excess capacity over and above the amount of capacity required for delivery of water to the stockholders of the Company whose lands lie under such ditches or laterals, the District or the United States may use such surplus capacity to the same extent as if such surplus capacity had been provided by the enlargement authorized under this contract."

It is not necessary to set out all of the mutual obligations in the contract, but it will be noted that this is a continuing contract; there is no date for termination and the Government and the Canal Company are still bound by its terms and conditions.

█ The Court has sustained a motion to quash service of summons as to defendant J. A. Krug for the reason that he cannot be brought within the jurisdiction of this Court, Title 28 U.S.C.A. § 1391.

The plaintiffs here have alleged jurisdiction on three grounds:

1st. That the action arises under an Act of Congress of June 17, 1902, 32 Stat. 388, known as the Reclamation Act and Acts amendatory thereto.

2nd. That the claim of plaintiffs exceeds $3000.

3rd. That by this action the plaintiffs seek to obtain from the above entitled Court a declaratory judgment setting forth and determining plaintiffs' rights and the rights and duties of the above named defendants under a contract to which the Department of Interior, Bureau of Reclamation is a party and therefore a necessary party in the complete determination of this action.

It appears to the Court that if the United States had not been made a party the action could not have been maintained.

█ The Court not having jurisdiction as to the defendant J. A. Krug, Secretary of the Interior of the United States of America, and having quashed service as to this defendant leaves the action only as against the two Idaho corporations. There is no diversity of citizenship so there is no necessity for the Court to pass on the question as to whether the complaint is faulty in not sufficiently alleging the jurisdictional amount as in excess of $3000.

Plaintiffs also make the contention that if the Court finds that it is without jurisdiction as to Krug and also finds that there is no diversity of Citizenship; that this Court still has jurisdiction of the action as between the plaintiffs and the Idaho corporations, defendants herein, in that the controversy arises under the Federal Law.

The action required no construction of the laws of the United States.

The plaintiffs, nor their predecessors in interest were parties to this contract, they however had certain rights thereunder; those rights they assert requires the enforcement of a contract, and this cannot be done without the parties to the contract being before the Court.

The Court is of the opinion that J. A. Krug, the Secretary of the Interior of the United States of America, is not within the jurisdiction of this Court; that with this defendant eliminated there is no diversity of citizenship; that the case does not present a federal question; that the Court has no jurisdiction under the Federal Declaratory Judgment Statute, 28 U.S.C.A. §§ 2201, 2202, and that the Court in exercising its discretion should not accept jurisdiction where the action is in the nature of an action enforcing a contract.

The motion to dismiss will be granted.